Nelson, Senior Circuit Judge,
dissenting:
The majority concludes that the ALJ provided specific and legitimate reasons for giving very little weight to Dr. Montgomery’s opinions. I respectfully disagree.
First, the ALJ did not reasonably conclude that Dr. Montgomery’s opinions conflicted with his own examination of Garcia. Instead, the ALJ cherry picked the negative diagnostic tests from Dr. Montgomery’s report while ignoring other critical aspects. While the diagnostic tests reflect that Garcia may have reasonable use her upper arm and shoulder, which is apparently all the ALJ considered, other tests demonstrate that the opposite is true of her hand. Specifically, Dr. Montgomery’s tests reflect substantial weakness in Garcia’s grip, limited range of motion in her wrist, and extreme stiffness in Garcia’s fingers, Each time Dr. Montgomery evaluated Garcia, he found significantly below normal range of motion in all of the fingers on Garcia’s left hand. The ALJ’s determination that Dr. Montgomery’s examination findings did not support his conclusion that Garcia could not use her left arm in a work environment was therefore not legitimate.
Second, the ALJ did not reasonably conclude that Dr. Montgomery’s opinions were based “to a large extent” on Garcia’s subjective complaints, which the ALJ found were not credible. It is true that Garcia reported her alleged medical history to Dr. Montgomery when he first evaluated her in 2005. It is also the case that Dr.' Montgomery included information in his February 5, 2010 report that he may have learned from Garcia. But the fact that Dr. Montgomery interviewed Garcia about her medical history and included limitations that he may have learned from her in his 2010 report does not mean that his medical opinion was based “to a large extent” on Garcia’s subjective complaints.
Our cases upholding an ALJ’s discounting of a physician’s opinion as improperly based on a claimant’s self-reports have always required more than appears in the *716 record before us here. For example, m Tommasetti v. Astrue, we affirmed a denial of benefits after specifically emphasizing the ALJ’s determination that the medical opinion at issue “was essentially a ‘rehashing of claimant’s own statement.’” 533 F.3d 1035, 1041 (9th Cir. 2008). Likewise, in Fair v. Bowen, we affirmed an ALJ’s discounting of a physician’s opinion where the physician specifically admitted that his “assessment ... was premised to a large extent upon the claimant’s own accounts of his symptoms and limitations.” 885 F.2d 597, 605 (9th Cir. 1989) (internal quotation marks omitted).
Here, there is nothing in the record reflecting that Dr. Montgomery’s opinion was based “to a large extent” on Garcia’s subjective complaints. Instead, Dr. Montgomery conducted extensive medical testing, that when considered as a whole, supports his conclusion that Garcia could not use her left hand. Dr. Montgomery’s detailed reports are far from a “rehashing” of Garcia’s complaints and nowhere does Dr. Montgomery admit that his conclusions were contingent upon accepting Garcia’s complaints as fact. The ALJ’s determination that Dr. Montgomery’s opinion appeared to be based on Garcia’s subjective complaint is speculation.
Accordingly, in my view, the ALJ did not provide specific and legitimate reasons for discounting Dr. Montgomery’s opinions. I dissent.